UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SWAIDAN TRADING CO., LLC | CIVIL ACTION |
| VERSUS | NO. 18-994 |
| DILETON MARITIME S.A., et al. | SECTION: "G"(4) |

## ORDER

Pending before this Court is Plaintiff Swaidan Trading Co. LLC's ("Plaintiff") "Motion for a Stay Pending Appeal of the April 16, 2018 Order Granting Defendant's Motion to Vacate."[1] In this case, Plaintiff contends that Defendant Erikoussa Maritime S.A. ("Erikoussa"), the record owner of the M/V ERIKOUSSA, is the alter ego of Defendant Dileton Maritime S.A. ("Dileton") such that Dileton is the beneficial owner of the vessel. Plaintiff also alleges that Defendant Androussa Maritime S.A. ("Androussa"), the record owner of the M/T ANDROUSSA, is also the alter ego of Defendant Dileton, such that Dileton actually controls both vessels. On April 16, 2018, the Court granted Erikoussa's motion to vacate attachment in part to the extent that the writ of attachment was vacated.[2] In the instant motion, Plaintiff requests a stay pending appeal of the Court's order granting Erikoussa's motion. Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny Plaintiff's motion.

## I. Background

According to Plaintiff, on or about April 1, 2017, Plaintiff loaded its cargo onto the M/T ANDROUSSA in Djibouti to be discharged at Ras Isa Port, Yemen.[3] Plaintiff asserts that

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 38.

1

Defendant Androussa issued Plaintiff a clean bill of lading dated April 1, 2017.[4] Plaintiff states that on or about April 4, 2017, the M/T ANDROUSSA was stopped and boarded by forces led by the Kingdom of Saudi Arabia.[5] Plaintiff alleges that the ensuing inspections found several serious violations, which resulted in the confiscation of the M/T ANDROUSSA and all her cargo.[6] Erikoussa disputes the veracity of these claims.[7]

On February 1, 2018, Plaintiff filed an original verified complaint in this Court against Dileton, Androussa, and Erikoussa, seeking an order authorizing the maritime attachment of the M/V ERIKOUSSA in accordance with Supplemental Admiralty Rule B.[8] On February 1, 2018, the Court denied Plaintiff's request for attachment, reasoning that Plaintiff did not properly allege a prima facie claim for alter ego liability.[9] On February 2, 2018, Plaintiff filed an original amended verified complaint, which sought the same remedy as its original verified complaint, including allegations that Dileton exercised complete control over Androussa with respect to the transaction at issue.[10] The same day, the Court ordered attachment of the M/V ERIKOUSSA.[11] On April 16, 2018, the Court granted Erikoussa's motion to vacate attachment in part to the extent that the writ of attachment was vacated.[12] On the same day, Erikoussa filed a motion to dismiss with prejudice

---

[3] Rec. Doc. 9 at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 5.

[7] *See* Rec. Doc. 37.

[8] Rec. Doc. 1.

[9] Rec. Doc. 8 at 2.

[10] Rec. Doc. 9.

[11] Rec. Doc. 11.

[12] Rec. Doc. 38.

and cancel the Rule E(5) bond, and Plaintiff filed "Notice of Intent to File an Opposition to Defendant's Motion to Dismiss with Prejudice and Cancel Rule E(5) Bond."[13] On April 23, 2018, Plaintiff filed the instant "Plaintiff's Motion for a Stay Pending Appeal of the April 16, 2018 Order Granting Defendant's Motion to Vacate."[14] On April 25, 2018, Erikoussa filed an opposition to Plaintiff's motion.[15]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of Motion to Stay*

Plaintiff argues that it is entitled to a stay of this Court's order vacating the attachment of M/V ERIKOUSSA pending appeal pursuant to Federal Rule of Civil Procedure 62(c). Plaintiff claims it can establish the four factors employed by courts to evaluate 62(c) warrant a stay.[16] First, Plaintiff asserts that it has demonstrated a sufficiently strong showing of likelihood of success on appeal, as it believes it has shown reasonable grounds for maintaining the attachment.[17] Specifically, Plaintiff avers that the Court erred in focusing on the fact that Dileton has no ownership interest in Erikoussa.[18] Instead, Plaintiff contends that Erikoussa is a "'paper company,' under the complete control of Dileton."[19] Moreover, Plaintiff asserts that the Fifth Circuit is reasonably likely to accept the District Court of Oregon's rationale in denying vacatur to allow

---

[13] Rec. Doc. 39.

[14] Rec. Doc. 44.

[15] Rec. Doc. 50.

[16] Rec. Doc. 44-2 at 3–4 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[17] *Id.* at 5–6.

[18] *Id.* at 10.

[19] *Id.*

3

discovery.[20] Second, Plaintiff further contends that denying the instant motion would render any appeal to the Fifth Circuit effectively moot.[21] Third, Plaintiff asserts that a stay would not cause harm to Erikoussa because the M/V ERIKOUSSA has already been released.[22] Last, Plaintiff states that public interest favors granting the stay because "the public has a vested interest in the Supplemental Rules being properly utilized in order to obtain security for a plaintiff's claim."[23]

### B. *Defendant's Opposition to Plaintiff's Motion*

In opposition, Erikoussa disputes Plaintiff's claim that it is entitled to a stay under Rule 62(c) because Erikoussa believes that Plaintiff has not satisfied the four factors used to evaluate Rule 62(c).[24] In terms of showing a likelihood of success on the merits, Erikoussa argues that Plaintiff "simply regurgitates its prior arguments and conclusory statements . . . ."[25] Erikoussa further states that the District Court of Oregon's decision to allow jurisdictional discovery against Androussa is immaterial to the Plaintiff's claims against Erikoussa.[26] Erikoussa also asserts that Plaintiff has failed to establish that it will suffer irreparable injury absent a stay, as Plaintiff's claim is for money damages and Plaintiff has not shown that Erikoussa will refuse to pay any potential award Plaintiff may receive.[27] Third, Erikoussa asserts that it would be harmed by a stay because

---

[20] *Id.*

[21] *Id.* at 12.

[22] *Id.*

[23] *Id.* at 13.

[24] *Id.* at 7–8 (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 539 (5th Cir. 2001)).

[25] *Id.* at 9.

[26] *Id.* at 11. In fact, Erikoussa asserts that Plaintiff's use of identical allegations "is only further evidence of [Plaintiff's] use of canned and generic allegations to attempt seizures of the property of separate and distinct companies." *Id.*

[27] *Id.* at 13.

4

it is currently making interest payments on the surety bond.[28] Last, Erikoussa asserts that any potential public interest at issue favors the immediate release of the bond because Plaintiff has already had an opportunity to amend its complaint and Admiralty Rule E(4)(f) confers upon district court judges the duty of vacating a wrongly issued attachment.[29]

### III. Legal Standard

Federal Rule of Civil Procedure 62(c) provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[30] Moreover, the Supreme Court has identified four factors courts must consider in evaluating the issuance of a stay under Rule 62(c):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[31]

"While each [factor] must be met, the appellant 'need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."[32] "A substantial case on the merits" refers to the basis of Plaintiff's appeal of the vacatur of attachment.[33] Thus, Plaintiff must prove that there is a substantial case that the Court

---

[28] *Id.* at 15–16.

[29] *Id.* at 15.

[30] FED. R. CIV. P. Rule 62(c) (2009).

[31] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

[32] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001).

[33] *See, e.g. United States v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983); *see also Jones v. Cain*, No. 06-939, 2009 WL 1565946, at *2 (citing *Foster v. Gilliam*, 515 U.S. 1301, 1303 (1995)).

5

abused its discretion in vacating the attachment of the M/V ERIKOUSSA.

## IV. Analysis

Plaintiff asserts that it has shown a sufficient showing of likelihood of success on the merits on appeal because there exists reasonable grounds for maintaining the attachment.[34] In opposition, Erikoussa contends that Plaintiff has not shown a likelihood of success on the merits, as Plaintiff makes no new arguments regarding the grounds for attachment.[35]

Here, the Court's order vacating the attachment addressed all of Plaintiff's arguments as to the potential grounds for attachment. Although Plaintiff argued that both Erikoussa and Androussa are alter ego corporations of Dileton, Plaintiff failed to provide any evidence that Androussa is an alter ego of Dileton. Considering that Plaintiff filed for attachment of the M/V ERIKOUSSA to secure claims related to the M/T ANDROUSSA, Plaintiff had to show reasonable grounds that both Androussa and Erikoussa were alter egos of Dileton. Thus, even assuming Plaintiff showed reasonable grounds for finding that Erikoussa is an alter ego of Dileton, Plaintiff did not meet its burden for the attachment of the M/V ERIKOUSSA.

Plaintiff asserted that Erikoussa and Dileton are both owned by the Papantonopoulos family, and the bank loan to finance Erikoussa required Dileton to act as manager for the M/V ERIKOUSSA. However, overlapping ownership structure and management agreements are both common in the maritime industry. Moreover, Plaintiff failed to provide any evidence that Sotirios Papantonopoulos, the only shared officer/director for the two companies, acted improperly in any manner in his dual role; nor did Plaintiff allege that the terms of the management agreement are more favorable to one party than another. Notably, Plaintiff also did not allege that Dileton and

---

[34] Rec. Doc. 44-2 at 4.

[35] Rec. Doc. 50 at 9.

6

Erikoussa filed consolidated financial statements, Erikoussa is undercapitalized, or Erikoussa has not observed the legal requirements for a corporation. Thus, Plaintiff has not shown that there is a substantial case that the Court abused its discretion in vacating the attachment of the M/V ERIKOUSSA.

Moreover, Plaintiff asserts that the Fifth Circuit is reasonably likely to adopt a rationale similar to the District Court for the District of Oregon. Faced with an allegedly similar factual situation, that court allowed targeted discovery regarding Plaintiff's alter ego claims instead of vacating attachment.[36] The court in the District of Oregon's decision is not only not binding, but it also does not involve Erikoussa. Thus, it is immaterial to the instant matter. As a result, Plaintiff has failed to meet its burden of establishing a substantial case on the merits that the district court abused its discretion in vacating the attachment of the M/V ERIKOUSSA. Therefore, Plaintiff has failed to meet its burden of showing a substantial case on the merits.

Turning to the second and third factors, Plaintiff also fails to show that the balance of the equities weighs heavily in favor of a stay. Although Plaintiff asserts refusal to issue a stay will render any ensuing decision in its favor effectively moot because of the lack of security, it also alleges that the attachment in Oregon secures the same claims against the M/T ANDROUSSA. Thus, Plaintiff has security for its underlying allegations against the M/T ANDROUSSA. Moreover, contrary to Plaintiff's statement that there are no costs associated with maintaining the bond, Erikoussa asserts that it is making premium payments and has provided counter-security to its bond underwriters. As a result, the balance of equities does not weigh heavily in favor of granting a stay.

Finally, in terms of "where the public interest lies," Plaintiff argues that the public has an

---

[36] Rec. Doc. 11.

interest in the Supplemental Rules being properly utilized to secure a plaintiff's claim. However, as asserted by Erikoussa, this statement equally applies to Admiralty Rule E(4)(f), which governs the procedure to release from attachment. Here, considering that the parties do not raise any other public interest arguments, Plaintiff's asserted public interest does not weigh in favor of a stay.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Motion for a Stay Pending Appeal of the April 16, 2018 Order Granting Defendant's Motion to Vacate"[37] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  1st  day of May, 2018.

                **NANNETTE JOLIVETTE BROWN**
                **UNITED STATES DISTRICT JUDGE**

---

[37] Rec. Doc. 44-2.