# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SWAIDAN TRADING CO., LLC | CIVIL ACTION |
| VERSUS | NO. 18-994 |
| DILETON MARITIME S.A., et al. | SECTION: "G"(4) |

## ORDER

Before the Court is Defendant Erikoussa Maritime S.A.'s ("Erikoussa") "Motion to Dismiss with Prejudice and Cancel Rule E(5) Bond."[1] On February 1, 2018, Plaintiff Swaidan Trading Co. LLC's ("Plaintiff") filed an original verified complaint in this Court against Defendant Dileton Maritime S.A. ("Dileton"), Androussa Maritime S.A. ("Androussa"), and Erikoussa, seeking an order authorizing the maritime attachment of the M/V ERIKOUSSA in accordance with Supplemental Admiralty Rule B.[2] On February 1, 2018, the Court denied Plaintiff's request for attachment, reasoning that Plaintiff did not properly allege a prima facie claim for alter ego liability.[3] On February 2, 2018, Plaintiff filed an original amended verified complaint, which sought the same remedy as its original verified complaint, including allegations that Dileton exercised complete control over Androussa with respect to the transaction at issue.[4] The same day, the Court ordered attachment of the M/V ERIKOUSSA.[5] On April 16, 2018, the Court granted Erikoussa's motion to vacate attachment in part to the extent that the writ of attachment was

---

[1] Rec. Doc. 39.

[2] Rec. Doc. 1.

[3] Rec. Doc. 8 at 2.

[4] Rec. Doc. 9.

[5] Rec. Doc. 11.

1

vacated.[6]

On April 16, 2018, Erikoussa filed the instant motion to dismiss with prejudice and cancel the Rule E(5) bond.[7] In the motion, Erikoussa asserts that this matter should be dismissed because this Court's Order vacating the attachment establishes that none of defendant's property is present within this district upon which to find *quasi in rem* jurisdiction.[8] Therefore, Erikoussa contends that the Court does not have subject matter jurisdiction over this matter.[9] Furthermore, Erikoussa asserts that the bond it provided to serve as substitute security for the vessel should be canceled.[10]

On April 25, 2018, Plaintiff filed an opposition to the "Motion to Dismiss with Prejudice and Cancel Rule E(5) Bond."[11] In the opposition, Plaintiff contends that the Court should not grant Erikoussa's motion "until Plaintiff is afforded the opportunity to request a say from the Court of Appeals for the Fifth Circuit."[12]

On May 1, 2018, this Court denied "Plaintiff's Motion for a Stay Pending Appeal of the April 16, 2018 Order Granting Defendant's Motion to Vacate"[13] On May 2, 2018, the Fifth Circuit also denied Plaintiff's motion for a stay pending appeal.[14] Accordingly, because the Fifth Circuit has denied Plaintiff's motion for a stay pending appeal, the Court will grant Erikoussa's motion to

---

[6] Rec. Doc. 38.

[7] Rec. Doc. 39.

[8] Rec. Doc. 39-1 at 2.

[9] *Id.*

[10] *Id.* at 2–3.

[11] Rec. Doc. 49.

[12] *Id.* at 3.

[13] Rec. Doc. 44.

[14] Rec. Doc. 53.

cancel the bond and dismiss the case. However, because this is a dismissal for lack of subject matter jurisdiction, dismissal should be without prejudice.[15] Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** to the extent the Rule E(5) Special Vessel Release Bond filed in this matter on February 9, 2018, is hereby canceled and **DENIED IN PART** to the extent that the motion seeks dismissal with prejudice.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this ___7th___ day of May, 2018.

 **NANNETTE JOLIVETTE BROWN**
 **UNITED STATES DISTRICT JUDGE**

---

[15] *New S. Fed. Savs. Bank v. Murphree*, 55 F. App'x 717 (5th Cir. 2002) (citing Fed. R. Civ. P. 41(b); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) ("A dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice.")).